## West et al. v. Hardwick's Ex'r et al.

Nov. 20, 1945.

B. J. Bethurum for appellants.

W. N. Flippin for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

John M. Perkins, executor of the estate of Lizzie Duncan Hardwick, filed this action seeking a construction of one clause of Miss Hardwick's will. He made parties defendant all of her whole and half blood descendants. In addition to Mrs. Hardwick's husband, she left surviving her a full brother, two sisters, a number of whole blood nieces and nephews, and several brothers and sisters and numerous nieces and nephews of the

half blood. The provision of the will on which this controversy hinges follows: "I will and bequeath unto my husband, C. J. Hardwick, and to my brother, sisters, nieces and nephews, then living at the time of my death, with the exception of my two nephews, John West, son of my deceased sister, Martha West and Burrell King, son of my deceased brother, Albert King, all of my estate or money of which I am possessed at the time of my death, same to be equally divided among said husband, brother, sisters, nieces and nephews, share and share alike, with the exception of the above two nephews above mentioned, it being my will and desire that they, my husband, brother, sisters, nieces and nephews, with the exception above set out, may all have an equal amount of my estate, and I hereby direct my said Executor to make distribution accordingly, I have excepted from the provisions of this will any bequest to the said two nephews, John West and Burrel King, for the reason that they are not in need and have fixed incomes for their needs and support."

The whole blood relatives answered, setting up their claim to the entire estate. The half blood relatives answered, claiming that they were entitled to share in the estate. The chancellor ruled in favor of the latter group. The chancellor's judgment shows that he excluded the following testimony, which was offered by the appellants, the whole blood descendants:

"That he (the executor) prepared two wills for Lizzie Duncan Hardwick, the first was prepared September 26, 1933 and the second August 26, 1936. That some time after the first will was prepared he requested of the testatrix a list of her heirs and that the said Lizzie Duncan Hardwick delivered to him a paper upon which were listed certain names and that said list of names did not contain the names of the nieces and nephews of the half blood. He says that at the time he prepared the second will the said testatrix came to his office and requested him to change the will so as to contain the name of her husband, C. J. Hardwick, as one of her beneficiaries, she having married during the period of time between the writing of the first and second will.

"They also offered Frona Todd as a witness and avowed that she would state that she had many conversations with Lizzie Duncan Hardwick immediately before

her death and that Lizzie Duncan Hardwick often told her that in her will she was going to recognize and take care of her full brother, sisters, nieces, and nephews except John West and Burrell King and none of the halfblood nieces and nephews."

It was the chancellor's view "that the will was definite, certain, unambiguous and plain and no extrinsic testimony was permissible."

The appellants contend that it was necessary to introduce extrinsic evidence in order to identify the persons referred to in the will. They rely principally upon the case of Eichhorn v. Morat, 175 Ky. 80, 193 S. W. 1013. In that case it was said that, if the testator employed in his will a word or term which he intended should identify and point out his devisees, or the property intended to be devised, and which terminology is uncertain and ambiguous on account of being applicable to more than one object or person, then it is competent for the courts to look to extrinsic proof for the purpose of ascertaining the person or object intended. See also Simpson v. Simpson, 274 Ky. 198, 118 S. W. 2d 533. A full discussion of this question can be found in the Annotation in 94 A. L. R. p. 26. We believe this case falls within the class wherein extrinsic evidence is admissible. Mrs. Hardwick left surviving her only one brother of the whole blood. An examination of the clause of the will set out above shows that in three instances she referred to "brother, sisters, nieces and nephews." Furthermore, we gather from the record that the two nephews, who were excluded in the will, were of the whole blood. The beneficiaries of the will were not named specifically, but were referred to as classes. Had the term "brothers" been used, rather than "brother," we might assume that the contention of the appellees would be well grounded, because relatives of the half blood are heirs just as are relatives of the whole blood. KRS 391.050. King v. Middlesborough Town & Lands Co., 106 Ky. 73, 50 S. W. 37, 1108. It will not do to say that the word "brother" was used inadvertently, because, as we have already pointed out, the term was used three times in the will. We have already noted that there survived Mrs. Hardwick one brother of the whole blood and several half brothers. How was the executor to know which one was entitled to a share in the estate without looking to extrinsic evidence? As we have noted,

he drafted the will, and his avowal, along with that of Frona Todd, sets forth a clear and plausible explanation of whom Mrs. Hardwick intended to favor under her will. When the will is considered in connection with the offered evidence, it seems quite clear to us that Mrs. Hardwick did not intend to make her relatives of the half blood beneficiaries under her will. Of course, the appellees may be able to bring forth evidence which would warrant a contrary finding.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.